IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 17, 2008

STATE OF TENNESSEE v. SALVADOR VELAZQUEZ ALVAREZ

Appeal from the Circuit Court for Marshall County
No. 17771    Robert Crigler, Judge

No. M2008-01165-CCA-R3-CD - Filed January 22, 2009

The defendant, Salvador Velazquez Alvarez, pled guilty to possession of cocaine with the intent to sell and possession of cocaine with the intent to deliver, Class B felonies, and possession of drug paraphernalia, a Class A misdemeanor. The trial court merged the two possession of cocaine convictions and sentenced the defendant as a Range I, standard offender to an effective sentence of ten years, six months in the Department of Correction. On appeal, he argues that the trial court erred in denying his request for probation or other alternative sentencing. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Richard L. Dugger, Shelbyville, Tennessee, for the appellant, Salvador Velazquez Alvarez.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Charles Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The facts surrounding the defendant's offenses were set out by the State at the guilty plea hearing:

Before May 4th of 2007 the Marshall County Sheriff's Department and the 17th Drug Task Force had been investigating cocaine traffic[k]ing in Marshall County, Tennessee. They had focused their investigation on this defendant.

They approached the defendant on May 4th, 2007, here in Marshall County, Tennessee at the Preston Street Apartments. They informed him of the information they had against him and they asked for a consent to search his apartment. He gave consent and he turned over to the Marshall County Sheriff's Department and the Drug Task Force approximately two ounces of cocaine.

In a search of his apartment[,] they found a small blanket under the couch containing several additional packages of powder cocaine and a set of digital scales.

They found packages of cocaine in his dresser drawer and digital scales.

They also obtained from him $224 in US currency.

They also questioned him that day and he told them he had been buying or obtaining ounces of cocaine; he told them who from; where the person lived; and stated that he had purchased two ounces of cocaine that day for $1900.

The power cocaine obtained on this occasion was properly bagged, tagged and labeled; turned over to the [Tennessee Bureau of Investigation] Crime Laboratory for analysis. The report came back stating that . . . this powder was in fact cocaine, a Schedule II controlled substance. They have two different weights on the material.

Part of the material weighed 27.8 grams.

Part of the material weighed 46.5 grams. Or under our measuring system about two and three quarters of an ounce.

The drug officers, were they called to testify, would state these events occurred in Marshall County, Tennessee and they would tell you what I have just related to you.

At the April 9, 2008, sentencing hearing, Eugene Holman with the Tennessee Board of Probation and Parole, who prepared the defendant's presentence report, testified that the defendant told him that he started delivering drugs because he could not find work and that on the day he was arrested he had purchased two ounces of cocaine from a man named Augustin for $1900. However, the defendant told law enforcement officers that he had been packaging the cocaine into smaller quantities and then selling the cocaine to his customers. Holman said the defendant had prior convictions for DUI, DUI, second offense, driving on a revoked license, driving without a license, and domestic violence. The defendant had a total of eight misdemeanor convictions between 2003 and 2007 and was on probation when he committed the offenses in the present appeal. Asked about the defendant's demeanor when he interviewed him, Holman said that the defendant "wanted someone to help him not to be deported. Outside of that I didn't see a whole lot of seriousness;

didn't see a whole lot of remorse. There was some laughing going on. Did not appear to be very sincere about his prior convictions."

At the conclusion of the hearing, the trial court applied three enhancement factors and one mitigating factor and sentenced the defendant to ten years, six months for the possession of cocaine with the intent to sell conviction and to eleven months, twenty-nine days for the possession of drug paraphernalia conviction, to be served concurrently. The trial court denied the defendant's request for probation or alternative sentencing. Thereafter, the defendant filed a timely notice of appeal to this court.

## ANALYSIS

The sole issue the defendant raises on appeal is whether the trial court erred in denying his request for probation or alternative sentencing. He argues that he does not possess a criminal history evincing a clear disregard for the laws of society and that he is presumed to be a favorable candidate for alternative sentencing. The State argues that the defendant is not eligible for probation and that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2006); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2006), Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169. In this case, the defendant has the burden of illustrating the sentence imposed by the trial court is erroneous. If our review reflects that the trial court, following

the statutory sentencing procedure, imposed a lawful sentence, after having given due consideration and proper weight to the factors and principles set out under the sentencing law and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

As the State points out, no presumption in favor of alternative sentencing exists for an offender convicted of a Class B felony. See Tenn. Code Ann. § 40-35-102(6) (2006). Tennessee Code Annotated section 40-35-303(a) states that a defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. Thus, as noted by the trial court, the defendant was not eligible for probation as he was sentenced to ten years, six months. A trial court may deny alternative sentencing and sentence a defendant to confinement based on any one of the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2006).

In sentencing the defendant, the trial court enhanced the defendant's sentence based on his previous history of criminal convictions and criminal behavior, his previous history of unwillingness to comply with the conditions of a sentence involving release in the community, and his being on probation when the offenses were committed, see Tenn. Code Ann. § 40-35-114(1), (8), (13)(C), and gave each factor "significant weight." In mitigation, the court gave "some significant weight" to the fact that the defendant assisted the authorities. See id. § 40-35-113(9).

In denying alternative sentencing, the trial court stated:

> I will deny alternative sentencing for one reason, the sentence length exceeds 10 years. He is not eligible for probation. There is eligibility for Community Corrections. The reason I would deny alternative sentencing is . . . less restrictive measures than confinement, i.e. alternative sentence, ha[ve] frequently and recently been applied unsuccessfully to the defendant, quite honestly.

> He has been on probation or suspended sentences and committed DUIs over and over again and committed this offense while on probation for DUIs.

Tennessee Code Annotated section 40-35-303(a) provides, in part, that "no defendant shall be eligible for probation under this chapter, if convicted of a violation of . . . § 39-17-417(b) or (i)." Thus, since the defendant pled guilty to section 39-17-417(i), he was statutorily ineligible for probation. He would have been eligible for community corrections pursuant to section 40-36-106, but only upon a showing that he had a history of "chronic alcohol or drug abuse, or mental health problems, [and] whose special needs are treatable and could be served best in the community rather than in a correctional institution." However, the defendant did not present proof to the trial court of any "special needs" and made the argument neither there or on appeal of such needs. Accordingly, we conclude that the trial court did not err in denying alternative sentencing to the defendant.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE